IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KWAME DWUMAAH, | No. 3:23-CV-00452 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MERRICK B. GARLAND, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JUNE 9, 2023

Plaintiff Kwame Dwumaah is an immigration detainee in the custody of United States Immigration and Customs Enforcement (ICE) in Pike County Correctional Facility. He initially filed a *pro se* civil action seeking a declaratory judgment ostensibly concerning his Social Security Disability benefits, arguing that he is legally present in the United States and that his removal should be permanently enjoined. He then filed the instant motion for an "emergency" temporary restraining order (TRO) seeking appointment of counsel and a stay of his removal proceedings. Dwumaah cannot meet the stringent requirements for injunctive relief, so the Court must deny his motion.

I.   **BACKGROUND**

Dwumaah is a native and citizen of Ghana.[1] He is currently being held in ICE custody in Pike County Correctional Facility in Lords Valley, Pennsylvania, following his detention by ICE officials on May 9, 2023.[2] Dwumaah has a lengthy and complicated immigration history. That history has been aptly summarized by the United States Court of Appeals for the Third Circuit:

> Dwumaah . . . entered the United States in 1989 on a six-month visitor visa and overstayed. From 1997 to 2001, Dwumaah was enrolled in two colleges in the Philadelphia area, obtaining a degree in nursing which he financed in part through student loans procured from the federal government under the alias "Simon Dwumaah." In 1999, Dwumaah adjusted status to conditional lawful permanent resident based upon his marriage to a United States citizen. In July 2004, the Department of Homeland Security ("DHS") terminated the conditional resident status after concluding through interviews with Dwumaah and his wife that the marriage was fraudulent. In November 2004, DHS served a Notice to Appear charging Dwumaah as removable under INA § 237(a)(1)(D)(i) due to termination of the conditional resident status.
> Shortly thereafter, a grand jury in the District Court for the Middle District of Pennsylvania indicted Dwumaah on multiple fraud charges stemming from his unlawful receipt of the above-mentioned student loans. Dwumaah eventually entered a guilty plea to one count of theft of government monies in violation of 18 U.S.C. § 641. He was sentenced to five months in prison and ordered to pay $75,217 in restitution, reflecting the total loss from his conduct. This Court affirmed the conviction and sentence. *United States v. Dwumaah*, No. 06-1399, 181 F. App'x. 309, 310 (3d Cir. 2006). The District Court denied post-conviction relief. *United States v. Dwumaah*, No. 1:05-cr-00157, 2007 WL 4333813 (M.D. Pa. Dec. 5, 2007).
> In 2006, DHS amended the Notice to Appear in light of the conviction to include three additional charges of removability: (1) INA § 237(a)(2)(A)(i) (crime involving moral turpitude); (2) INA § 237(a)(1)(A) (inadmissible at time of adjustment of status); and (3) INA

---

[1]   Doc. 9 ¶ 3; Doc. 19-2 at 1.
[2]   *See* Doc. 13-1; 19-2 at 2; Doc. 19-18.

> § 237(a)(3)(D) (false claim of United States citizenship). Dwumaah responded before the Immigration Judge ("IJ") by arguing that he is not removable under any of the grounds charged. He did not apply for asylum or other relief from removal.
>
> The IJ concluded that DHS's decision to terminate the conditional permanent resident status was improper because DHS failed to prove by a preponderance of the evidence that the facts and information in Dwumaah's petition for adjustment of status were untrue. Accordingly, the IJ held that Dwumaah is not removable under § 237(a)(1)(D)(i). However, the IJ also concluded that DHS proved by clear and convincing evidence that Dwumaah is removable under § 237(a)(3)(D) for having falsely claimed United States citizenship on his student loan applications. After Dwumaah appealed, the BIA remanded the matter for the IJ to consider Dwumaah's eligibility for cancellation of removal under INA § 240A(a).
>
> On remand, the IJ reaffirmed the finding that Dwumaah is removable for falsely claiming citizenship[] and denied cancellation of removal. Dwumaah challenged both rulings on appeal, and the BIA affirmed. The BIA refused to disturb the finding that Dwumaah falsely claimed citizenship when applying for federal financial aid, concluding that the government met its burden by demonstrating removability through clear and convincing, albeit circumstantial, evidence. The BIA also agreed that Dwumaah is not entitled to cancellation of removal.[3]

After recounting this procedural history, the Third Circuit denied Dwumaah's petition for review, which asserted only a challenge to his removability for falsely claiming citizenship.[4] That denial issued in April 2010.[5]

Dwumaah, however, has relentlessly continued to challenge his removability. He filed numerous motions to reconsider or reopen his removal proceedings with the Board of Immigration Appeals (BIA), and—upon receiving no relief from the BIA—unsuccessfully appealed many of those decisions to the

---

[3] *Dwumaah v. Attorney Gen. of U.S.*, 609 F.3d 586, 587-88 (3d Cir. 2010).
[4] *See id.* at 590.
[5] *See id.*

Third Circuit.[6] His most recent attempt to reopen his removal proceedings with the BIA (his *eighth* such motion) was denied on December 7, 2022.[7] On March 9, 2023, the Third Circuit denied Dwumaah's motion for a stay of removal, lifting the December 29, 2022 temporary administrative stay and finding that Dwumaah "has not met his burden of showing that he is likely to succeed on the merits of his petition for review."[8]

It appears that, upon obtaining no relief at the BIA or the Third Circuit, Dwumaah has turned to the district court to attempt to challenge his removal, albeit through an indirect method. He lodged his initial complaint on March 13, 2023,[9] then filed an amended complaint a month later.[10] His amended complaint seeks a declaratory judgment that he is "lawful[ly] present in the United States so that the Social Security Administration will pay his approved medical disability benefits."[11] He also seeks to permanently enjoin his removal.[12]

Approximately one month after filing his amended complaint, Dwumaah filed the instant motion for an "emergency" temporary restraining order.[13]

---

[6]  *See, e.g., Dwumaah v. Attorney Gen. U.S.*, No. 21-2940, 2022 WL 1635612, at *1 (3d Cir. May 24, 2022) (nonprecedential) (noting that Dwumaah has filed seven motions to "reopen/reconsider" with the BIA).
[7]  *See* Doc. 19-16 at 2-4.
[8]  Doc. 19-17.
[9]  *See generally* Doc. 1.
[10] *See generally* Doc. 9.
[11] Doc. 9 at 1.
[12] *See id.* at 1, 11.
[13] Doc. 13.

4

Dwumaah asks the Court to "block [his] removal"[14] while he litigates his declaratory judgment action and also appears to challenge his immigration detention, asserting that he is not a "flight risk or danger to the community."[15]  The Court directed Defendants to respond to Dwumaah's TRO motion within 10 days.[16]  Defendants timely responded, but it appears that they responded to the underlying amended complaint seeking a permanent injunction rather than to Dwumaah's motion for a temporary restraining order.[17]  Nevertheless, because Defendants addressed the factors regarding preliminary injunctive relief in their response, the Court can adjudicate Dwumaah's instant motion for a TRO, as those factors are essentially identical.

## II.  DISCUSSION

Dwumaah's motion for a temporary restraining order will be denied for two reasons.  First, Dwumaah has failed to comply with the Local Rules of Court for the instant motion.  Second, and more importantly, he cannot make the difficult showing of entitlement to a TRO.

### A.  Dwumaah's Filing Does Not Comply with the Local Rules

Dwumaah's three-page motion for a TRO does not comply with the Local Rule of Court.  Local Rule of Court 7.5 requires that "[w]ithin fourteen (14) days

---

[14] *Id.* at 1.
[15] *Id.* at 1-2.
[16] Doc. 16.
[17] *See* Doc. 18 at 2, 9.

after the filing of any motion, the party filing the motion shall file a brief in support of the motion.  *If the motion seeks a protective order, a supporting brief shall be filed with the motion*.  If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."[18]  Local Rule 7.8 subsequently mandates that supporting briefs "shall contain complete citations of all authorities relied upon" and that "[t]he brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument."[19]

Dwumaah's TRO motion does not comply with the above-referenced rules.  He has not filed a supporting brief concurrently with his motion or within 14 days of filing the motion.  To the extent that his motion could be construed as including a brief in support, it does not contain a procedural history, statement of facts, or citations to case law or other sources of legal authority.  The Court is aware that *pro se* filers are held to a lesser standard than counseled parties, but even *pro se* litigants must comply with the Local Rules and must support their arguments with legal authority.

Thus, as Dwumaah's motion for a TRO fails to comply with Local Rule of Court 7.5, it is deemed withdrawn.[20]  Nevertheless, because Dwumaah included

---

[18] LOCAL RULE OF COURT 7.5 (emphasis supplied).
[19] LOCAL RULE OF COURT 7.8.
[20] *See* LOCAL RULE OF COURT 7.5.

6

some cursory argument related to injunctive relief,[21] and to avoid wasting judicial time and resources, the Court will address the merits of Dwumaah's motion.

### B. Dwumaah's Motion for a TRO Fails on the Merits

Preliminary injunctive relief is an "extraordinary remedy never awarded as of right."[22] The purpose of a temporary restraining order or preliminary injunction is to "maintain the status quo, defined as the last, peaceable, noncontested status of the parties," pending further proceedings in the case.[23] Whether a temporary restraining order or preliminary injunction should issue is governed by a well-settled, four-factor test.[24] The Court must first consider the two "most critical" factors: likelihood of success on the merits and likelihood of irreparable harm absent the injunctive relief.[25] If these two "gateway" factors are satisfied, the Court must then weigh the balance of the equities and the public interest.[26] A court cannot grant a preliminary injunction "unless the movant, by a clear showing, carries the burden of persuasion" as to all four factors.[27] As the gateway factors

---

[21] *See* Doc. 13 at 2-3.
[22] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).
[23] *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)).
[24] *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017). Temporary restraining orders and preliminary injunctions are governed by "nearly identical factors," the principal distinctions being in procedure and effect. *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 236 n.4 (3d Cir. 2011). Unlike a preliminary injunction, a temporary restraining order can issue without notice to the adverse party and will dissolve on its own, unless extended by the court or with consent of the adverse party under Federal Rule of Civil Procedure 65(b)(2). *Id.*
[25] *See Reilly*, 858 F.3d at 179.
[26] *Id.* at 176, 179.
[27] *Holland v. Rosen*, 895 F.3d 272, 285-86 (3d Cir. 2018).

suggest, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[28]

This Court's analysis of Dwumaah's motion for a TRO begins and ends with the first "gateway" factor. Dwumaah has not made a threshold showing of a likelihood of success on the merits of his underlying lawsuit.

Dwumaah contends that his lawsuit seeks to have the Court "declare his rights under the law . . . so that Social Security will pay his medical disability benefits."[29] He argues that the "Social Security Administration is refusing to pay his medical disability benefits based on his unlawful status in the United States,"[30] and therefore the district court is not stripped of jurisdiction to entertain his lawsuit by 8 U.S.C. § 1252(g).[31]

---

[28] *Ball v. Famiglio*, 396 F. App'x 836, 837-38 (3d Cir. 2010) (nonprecedential) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

[29] Doc. 9 at 4; *see also id.* at 3; *id.* at 8 (claiming that "the only decision under review here is the refusal to pay petitioner's social security medical disability benefits based on USCIS's decision to revoke Plaintiff's lawful status").

[30] *Id.* at 7. Aliens who are unlawfully present in the United States may not receive Social Security Disability benefits. *See* 42 U.S.C. § 402(y) ("Notwithstanding any other provision of law, no monthly benefit under this subchapter shall be payable to any alien in the United States for any month during which such alien is not lawfully present in the United States as determined by the Attorney General."); 8 U.S.C. § 1611(a) ("Notwithstanding any other provision of law . . ., an alien who is not a qualified alien (as defined in section 1641 of this title) is not eligible for any Federal public benefit (as defined in subsection (c))."); *id.* § 1611(c)(1)(B) (defining "Federal public benefit" to include federal "disability" benefits).

[31] Doc. 9 at 5-8. Section 1252(g) states: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

Despite Dwumaah's creative characterization, the gravamen of his amended complaint is a challenge to his removability. In point of fact, he asks the district court to declare that he is lawfully present in the United States and to permanently enjoin his removal.[32] His only argument for why removal should be enjoined is that he allegedly "retracted the false claim [of] United States" citizenship (made on his student loan application), which was the basis for being found removable.[33] Thus, while Dwumaah characterizes his lawsuit as one based on the "collateral consequences" of his removal order concerning lost Social Security Disability benefits,[34] he repeatedly attacks the validity of the underlying removal order itself. Indeed, his attack on the validity of the removal order is the *only* argument he proffers for why his Social Security Disability benefits were improperly ended.

The Third Circuit has held that Section 1252(g) limits jurisdiction to the court of appeals in three specific actions by the Attorney General: "those that 'commence proceedings, adjudicate cases, or execute removal orders.'"[35] If an alien challenges one of these specific actions, the challenge must be made in a petition for review in the appropriate court of appeals; no district court has jurisdiction to hear it.[36] In fact, district courts lack jurisdiction to consider "most claims that even *relate* to removal"; those claims must instead be brought in a

---

[32] Doc. 9 at 11.
[33] *Id.* at 3, 4, 6, 9, 10; Doc. 13 at 2-3.
[34] Doc. 9 at 5.
[35] *Tazu v. Attorney Gen. U.S.*, 975 F.3d 292, 296 (3d Cir. 2020) (quoting 8 U.S.C. § 1252(g)).
[36] *See id.*; 8 U.S.C. § 1252(g).

single petition for review in the appropriate court of appeals.[37]

It is difficult to interpret Dwumaah's lawsuit as anything other than a thinly veiled challenge to his removal order. That is because he repeatedly argues that his removal order was "not based on 'clear and convincing' evidence" and therefore he "cannot, as [a] matter of law[,] be removed."[38] And this is the sole reason that Dwumaah contends that his Social Security disability benefits were wrongfully terminated. Furthermore, Dwumaah specifically asks the Court to "issue [a] permanent injunction prohibiting [his] removal."[39] Consequently, to the extent that Dwumaah's lawsuit is a disguised attack on his final order of removal, this Court lacks jurisdiction to entertain such a claim.

Even if the Court were able to exercise jurisdiction over Dwumaah's lawsuit, he is unable to show a likelihood of success on the merits. Dwumaah is claiming that his disability benefits were wrongfully terminated because he is lawfully present in the United States (and presumably, therefore, not barred by 42 U.S.C. § 402(y) from receiving monthly federal benefits). He relies on 8 U.S.C. § 1252(f)(2) to argue that he can challenge his unlawful status and permanently enjoin his removal, but that reliance is misplaced. Section 1252(f)(2) states, "Notwithstanding any other provision of law, no court shall enjoin the removal of

---

[37] *Tazu*, 975 F.3d at 296 (quoting *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020) (emphasis supplied)).
[38] Doc. 9 at 11.
[39] *Id.*

10

any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law."[40]

Dwumaah's allegations regarding retraction of his false claim of citizenship do not come close to establishing clear and convincing evidence that the entry or execution of his removal order is prohibited as a matter of law. To the contrary, Dwumaah has already raised this precise argument with the BIA and the Third Circuit and it has been repeatedly rejected.[41] So even if the Court were to find that it had jurisdiction over Dwumaah's lawsuit, it is highly unlikely that he would be able to successfully establish that his Social Security benefits were wrongfully terminated due to his unlawful status.

Dwumaah cannot make the required showing of likelihood of success on the merits, the first "gateway" factor for preliminary injunctive relief. The Court, therefore, must deny his motion for a temporary restraining order. As to his request for appointment of counsel, Dwumaah is free to reassert this request in a stand-alone motion that is untethered to a motion for injunctive relief. Finally, to the extent that Dwumaah is challenging his immigration detention pending his removal from the United States, such a claim is not cognizable in the underlying lawsuit and instead must be asserted via a petition for a writ of habeas corpus

---

[40] 8 U.S.C. § 1252(f)(2).
[41] *See Dwumaah v. Attorney Gen.*, 614 F. App'x 66, 68 (3d Cir. 2015) (*per curiam*) (nonprecedential); *Dwumaah*, No. 21-2940, 2022 WL 1635612, at *1.

pursuant to 28 U.S.C. § 2241.[42]  Dwumaah appears to acknowledge as much in his motion for a TRO.[43]

### III. CONCLUSION

Dwumaah has failed to comply with the Local Rules of Court and he has not established a likelihood of success on the merits of his underlying lawsuit.  The Court will therefore deny Dwumaah's motion (Doc. 13) for an "emergency" temporary restraining order.  The Court will also dismiss without prejudice Dwumaah's concurrent motion for appointment of counsel.  Dwumaah, if desired, may reassert such request in an independent motion unconnected to a motion for injunctive relief.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[42] *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (concluding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

[43] *See* Doc. 13 at 1, 2 (asserting that his "current detention will also fall under habeas corpus 28 U.S.C 2241 [sic]").